UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| EARL SEPPANEN,<br><br>Plaintiff,<br><br>vs.<br><br>BROWN COUNTY SHERRIFF'S DEPARTMENT, OFFICIAL CAPACITY; DAVE LUNZMAN, BROWN COUNTY SHERIFF, OFFICIAL CAPACITY; TONY SORENSEN, DEPUTY SHERIFF, INDIVIDUAL AND OFFICIAL CAPACITY; AND JOSEPH KRETCHMAN, DEPUTY SHERIFF, INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>Defendants. | 1:24-CV-01017-ECS<br><br>OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE |

Plaintiff, Earl Seppanen, filed a pro se civil rights Complaint under 42 U.S.C. § 1983. Doc. 1. After service was executed, Defendants moved to dismiss Seppanen's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 10.

### I.   Factual Background

As alleged in his Complaint, on March 6, 2024, Seppanen was travelling on Brown County Highway 14. Doc. 1 at 4. After seeing him drive by, Brown County Deputy Sheriff Joseph Kretchman effectuated a traffic stop on Seppanen. Id. During the stop, Seppanen asked Kretchman if there was an emergency. Id. Kretchman responded there was no emergency. Id. Seppanen alleges Kretchman then placed spike strips around his tires and radioed Brown County Deputy Sheriff Tony Sorensen. Id. After Sorensen arrived, Seppanen claims Sorensen broke his

1

window and Kretchman pulled him from his car. Id. Kretchman then drove Seppanen to the Brown County Jail where Seppanen claims he was held without bail for 50 hours. Id.

Seppanen sues Kretchman and Sorensen in their individual and official capacities. Id. at 2. Seppanen sues Brown County Sheriff Dave Lunzman and the Brown County Sheriff's Department in their official capacities only. Id. at 3. Seppanen claims Defendants violated his right to travel and right to liberty. Id. Seppanen seeks $15,527,447.71 in money damages for Defendants' alleged violations. Id. at 5. Defendants moved to dismiss the Complaint. Doc. 10.

## II.   Legal Standard

Rule 12(b)(6) permits a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss under Rule 12(b)(6), it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (cleaned up). On a motion to dismiss under Rule 12(b)(6), courts must accept the plaintiff's factual allegations as true and

construe all inferences in the plaintiff's favor, but need not accept a plaintiff's legal conclusions. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012).

When ruling on a Rule 12(b)(6) motion, a court generally must ignore materials outside the pleadings, but it may "consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." Dittmer Props., L.P. v. FDIC, 708 F.3d 1011, 1021 (8th Cir. 2013) (cleaned up). The consideration of such items does not convert a motion to dismiss into one for summary judgment. Waldner v. N. Am. Truck & Trailer, Inc., 277 F.R.D. 401, 406 (D.S.D. 2011) (citing State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999)).

Defendants have submitted copies of the criminal complaint filed against Seppanen, the Declaration of Probable Cause submitted by Kretchman, the state-court judge's finding of probable cause, and the case summary including the disposition of Seppanen's charges.[1] See Docs. 11-1, 11-2, 11-3. Seppanen does not dispute the authenticity of these documents. The Court will thus consider these items in deciding Defendants' Motion to Dismiss, and will not convert their motion into a motion for summary judgment. See Lawrence v. City of St. Paul, 740 F. Supp. 2d 1026, 1035 (D. Minn. 2010) (considering plaintiff's criminal complaint, state-court judge's finding of probable cause, transcript of the plaintiff's plea hearing, judgment, and register of actions in plaintiff's criminal case in the motion to dismiss).

---

[1] Based on the criminal case summary, on October 31, 2024, Seppanen was found guilty at a court trial of (1) obstructing a law enforcement officer (SDCL § 22-11-6), (2) operating a motor vehicle without a visible license plate (SDCL § 32-5-98), (3) failing to display a proper validation sticker (SDCL § 32-5-2.4), and (4) speeding (SDCL § 32-25-7). Doc. 11-3

3

### III.  Discussion

Defendants assert Seppanen failed to properly state a claim upon which relief could be granted.  Docs. 10, 12.  Defendants contend Seppanen's claims against the Brown County Defendants, in their official capacities, fail because he did not allege an official policy, custom, or practice caused his claimed constitutional violations.  Doc. 12 at 3–5.  Defendants also maintain it is nearly impossible for them to discern the legal basis for Seppanen's claims.  Id. at 6–8.  Defendants also point to Brown County File 06CRI24-247, the state court criminal file stemming from the actions alleged in Seppanen's Complaint, to fill in the gaps of the Complaint.  Id. at 6.

Seppanen, on the other hand, maintains he pled proper claims.  Doc. 13.

#### A.  Official Capacity Claims Against the Brown County Sheriff's Department

Seppanen's claims against the Brown County Sheriff's Department must be dismissed.  The Brown County Sheriff's Department is not amenable to suit because it is not a juridical entity.  See Ketchum v. City of W. Memphis, 974 F.2d 81, 82 (8th Cir. 1992) (Dismissal of police department was appropriate because it was "not [a] juridical entit[y] suable as such."); see also Owens v. Scott Cnty. Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."); De La Garza v. Kandiyohi Cnty. Jail, 18 Fed. App'x 436, 437 (8th Cir. 2001) ("Sheriff's departments . . . are not usually considered legal entities subject to suit." (cleaned up)).  Because the Brown County Sheriff's Department is not a suable entity, the Court will dismiss Seppanen's claims against them without prejudice.

#### B.  Other Official Capacity Claims

Seppanen makes claims against certain Defendants who he contends are employees of the Brown County Sheriff's Department—Officers Joseph Kretchman, Tony Sorensen, and Dave

4

Lunzman. Doc. 1 at 2–3. Seppanen names Defendants Kretchman and Sorensen in both their individual and official capacities. Id. at 2. Seppanen, however, only names Brown County Sheriff Dave Lunzman in his official capacity. Id. at 3. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." King v. City of Crestwood, 899 F.3d 643, 650 (8th Cir. 2018) (cleaned up). Accordingly, Seppanen's claims against these Defendants in their official capacities are claims against Brown County as the employing governmental entity.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A county government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. Id.; see also Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1987) ("[T]he [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" for that entity to be liable under § 1983).

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct." Brewington v. Keener, 902 F.3d 796, 801 (8th Cir. 2018) (quoting Corwin v. City of Indep., 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom." Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004) (citing Doe ex rel. Doe v. Sch. Dist. of Norfolk, 340 F.3d 605, 614 (8th

Cir. 2003)). But the complaint must still include some allegation, reference, or language that creates an inference the conduct resulted from an unconstitutional policy or custom. Id.; see also Doe, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Seppanen does not allege Defendants acted in accordance with an unconstitutional policy or custom. Thus, Seppanen's claims against Officers Kretchman, Sorensen, and Lunzman, in their official capacities, are dismissed without prejudice.

### C. Individual Capacity Claims Against Defendants Kretchman And Sorensen.

Because of this Court's above ruling, Seppanen's claims against Defendants Kretchman and Sorensen, in their individual capacities, are all that remain. Construing Seppanen's Complaint liberally, he brings claims against Defendants Sorensen and Kretchman for violating his Fourth Amendment rights, right to travel, and right to due process. Doc. 1 at 3–4.

#### i. Fourth Amendment

Seppanen's Complaint could be liberally construed as asserting a claim against Kretchman for excessive force in violation of his Fourth Amendment rights. Id. at 4. The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment also guarantees the right to be free from excessive force during an arrest or investigation. Jackson v. Stair, 944 F.3d 704, 709 (8th Cir. 2019) (citing Graham v. Connor, 490 U.S. 386, 394-95 (1989)).

The United States Supreme Court "has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396. "[T]he Fourth Amendment requires us to ask, from the perspective of a reasonable officer on the scene, 'whether the officers' actions are

"objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" Franklin v. Peterson, 878 F.3d 631, 635 (8th Cir. 2017) (quoting Graham, 490 U.S. at 397); see also Mitchell v. Kirchmeier, 28 F.4th 888, 898 (8th Cir. 2022) ("To decide whether the force used to seize a suspect was excessive and thus 'unreasonable' for purposes of the Fourth Amendment, we look to 'the totality of the circumstances.'" (quoting Tennesee v. Garner, 471 U.S. 1, 8–9 (1985)). "Relevant factors include (1) 'the severity of the crime at issue,' (2) 'whether the suspect poses an immediate threat to the safety of the officers or others,' and (3) 'whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight.'" Mitchell, 28 F.4th at 898 (quoting Graham, 490 U.S. at 396). The Eighth Circuit, however, has held that when carrying out an arrest, even "if a person is not suspected of a serious crime, is not threatening anyone, and is neither fleeing nor resisting arrest," officers may still use "*de minimis* force." Id. Notably, Plaintiffs have a significant burden to "carry in a § 1983 suit based on a Fourth Amendment excessive force claim." Chambers v. Pennycook, 641 F.3d 898, 907 (8th Cir. 2011).

Seppanen's only allegations about the force used against him is that Sorensen broke his window and then Kretchman pulled him from his vehicle. Doc. 1 at 4. Seppanen does not claim any physical injuries from this incident. Id. at 5.[2] "An officer may be held liable only for his or her own use of excessive force." Grider v. Bowling, 785 F.3d 1248, 1252 (8th Cir. 2015) (cleaned up). Thus, the Court must independently analyze Kretchman and Sorensen's actions.

As to Kretchman, the Complaint states he pulled Seppanen from his vehicle. Doc. 1 at 4. Seppanen therefore does not sufficiently allege that Kretchman used more than *de minimis* force

---

[2] Seppanen does claim mental injuries but does not specify whether they stem from the alleged acts of Kretchman and Sorensen. Doc. 1 at 5. Seppanen does seek $500.00 to replace his pickup window that he alleges Sorensen broke. Id.

7

against him. See Howell v. City of Lithonia, 397 F. App'x 618, 620 (11th Cir. 2010) (Taking the plaintiff "out of his car and pushing him against the police car to effectuate an arrest constitute[s] *de minimis* force." (citing Nolin v. Isbell, 207 F.3d 1253, 1257 (11th Cir. 2000)). As to Sorensen, the Complaint's allegation that he broke Seppanen's car window, by itself, does not rise above this level as well. Furthermore, without any other facts, the Court cannot conclude on the face of the Complaint whether Kretchman and Sorensen's actions were "'objectively reasonable'[3] in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Franklin, 878 F.3d at 635. Thus, the Court dismisses Seppanen's Fourth Amendment claim against Kretchman and Sorensen in their individual capacities without prejudice.

    ii. **Right to Travel**

Seppanen claims he properly alleged a violation of his right to travel because he was stopped by Kretchman. Doc. 13 at 2. "[T]he 'constitutional right to travel from one State to another' is firmly embedded in [Supreme Court] jurisprudence." Saenz v. Roe, 526 U.S. 489, 498 (1999) (quoting United States v. Guest, 383 U.S. 745, 757 (1966)). The right to travel has three components: (1) "the right of a citizen of one State to enter and to leave another State"; (2) "the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily

---

[3] Even assuming the Complaint asserts the officers used more than *de minimis* force against Seppanen, Kretchman's Declaration of Probable Cause fills in the gaps of the Complaint and establishes that Kretchman and Sorensen's actions were objectively reasonable as Seppanen continually refused to obey law enforcement's commands because he was a "sovereign citizen and did not recognize any state laws." Doc. 11-1; see Woods v. Arizona Dep't of Pub. Safety, No. CV-13-00746, 2016 WL 537584, at *3 (D. Ariz. Feb. 11, 2016) (determining officers can break car window when they have probable cause for an arrest and the individual seeks to avoid officers by staying in his car, refuses a lawful order to come out, and displays hostility (collecting cases)). Seppanen does not dispute these facts. On October 31, 2024, Seppanen was found guilty of obstructing a law enforcement officer in violation of SDCL § 22-11-6. See Doc. 11-3.

present in the second State"; and (3) the right "for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." Id. at 500. However, a "police officer's enforcement of a valid traffic law does not violate the motorist's right to travel." United States v. Hare, 308 F. Supp. 2d 955, 1001 (D. Neb. 2004).

Seppanen does not assert he was unlawfully stopped. Additionally, in the criminal case arising out of this incident, Seppanen was found guilty of speeding and not having valid license plates on his vehicle. See Doc. 11-3. Accordingly, Seppanen has not adequately pled an infringement on his right to travel. Thus, the Court dismisses Seppanen's right to travel claim without prejudice.

### iii.  Due Process

Seppanen lastly asserts he was deprived of liberty without due process. Doc. 13 at 2. He claims that Defendants did not properly take him "before a magistrate judge without unnecessary delay." Id. a 4. Seppanen cites a series of decisions from California state courts in support of his argument. Id. at 2–3. He also cites SDCL § 22-12-15, which makes it a criminal offense for a law enforcement officer to intentionally delay taking a criminal defendant before a committing magistrate. Id. at 3–4. In response, Defendants point to documents in Seppanen's underlying criminal case including Kretchman's Declaration of Probable Cause and Magistrate Judge McNeece's probable cause determination and order setting bond at No Bond ("NB"). See Doc. 11-1. Defendants assert that they cannot be liable because Seppanen was being held under a valid court order. Doc. 14 at 5 (citing Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988)).

"To determine whether a delay in presentment violates substantive due process, this court determines whether, based on the totality of the circumstances, the government's conduct 'offends the standards of substantive due process' and 'shocks the conscience.'" United States v.

Jones, 70 F.4th 1109, 1112 (8th Cir. 2023) (quoting Hayes v. Faulkner Cnty., 388 F.3d 669, 674 (8th Cir. 2004)). Seppanen's only allegation on this issue states: "Kretchman [drove] to the Brown County Jail with me in the car against my will, where I was held without bail for 50 hours." Doc. 1 at 4. Seppanen does not allege Kretchman and Sorensen personally held him without bail. The most Seppanen alleges is Kretchman took him to jail. Id. There is no allegation in Seppanen's Complaint that Kretchman and Sorensen intentionally delayed taking Seppanen before a magistrate judge. Likewise, the items attached to Defendants' Motion to Dismiss do not support any such claim. Accordingly, Seppanen's Complaint does not allege sufficient facts to state a due process claim. Thus, the Court dismisses Seppanen's due process claim against Kretchman and Sorensen in their individual capacities without prejudice.

## IV. Order

For the above reasons, and the record as it now exists before this Court, it is ORDERED that Defendants' Motion to Dismiss, Doc. 10, is granted. It is further ORDERED that Plaintiff's Complaint is dismissed in its entirety without prejudice.

DATED this 16th day of January, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE